IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


FRANCIS A. LOMBARDO,              :
                                 :
          Plaintiff              :
                                 :
     v.                          :    CIVIL NO. 3:CV-11-2220
                                 :
RYAN FLYNN, ET AL.,              :    (Judge Conaboy)
                                 :
          Defendants             :

_____

**MEMORANDUM**
**Background**

        This <u>pro</u> <u>se</u> civil rights action pursuant to 42 U.S.C. § 1983 was filed by Francis A. Lombardo (Plaintiff), an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania. Plaintiff's action regards events which purportedly transpired during his prior confinement at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania.[1]

        By Memorandum and Order dated August 21, 2013, Defendants' unopposed motion for partial dismissal was granted. <u>See</u> Doc. 29. Dismissal was granted in favor of Defendants Luzerne County, the Luzerne County Commissioners, and Major Larson.  As a result of that disposition, the Remaining Defendants were three officials of the Luzerne County Prison: Warden Joseph Piazza; Sergeant Daniel Baluta; and Correctional Officer Ryan Flynn.

_____

1.  During the course of these proceedings, there was a period of time of unknown duration during which Lombardo was released from confinement.  <u>See</u> Doc. 17.

1

Plaintiff's surviving allegations are his excessive force claims against Defendants Flynn and Baluta as well as a claim that Warden Piazza failed to protect Plaintiff's safety with respect to a November 22, 2011 attack by Flynn.

Thereafter, the Remaining Defendants filed an Answer to the surviving allegations.  <u>See</u> Doc. 30.  On September 11, 2013, Lombardo submitted a proposed Amended Complaint.  <u>See</u> Doc. 35.  The proposed Amended Complaint included claims against Major James Larson, who was previously granted entry of dismissal by the August 21, 2013 Memorandum and Order.  It also raises additional civil rights allegations as well as claims under the Americans with Disabilities Act (ADA) and Pennsylvania state law.

Remaining Defendants and Major Larson have filed a motion to partially dismiss the Amended Complaint.  <u>See</u> Doc. 45. The motion is ripe for consideration.

## <u>Discussion</u>

Federal Rule of Civil Procedure 15(a) provides:

> **(a)  Amendments Before Trial.**
> (1)  **Amending as a matter of course.**   A party may amend its pleading once as a matter of course within:
>     (A)  21 days after serving it; or
>     (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Under Rule 15(a)(2) Lombardo may only amend his pleadings "with the opposing party's written consent or the court's leave." Remaining Defendants and Larson have indicated their consent via their the submission of a response to the amended complaint.

2

In light of the filing of a motion for partial dismissal of the amended complaint, the Defendants named therein will be presumed to have consented to the filing of the Amended Complaint. Second, it is well settled that pro se litigants are afforded liberal treatment under Haines v. Kerner, 404 U.S. 519, 520 (1972) and Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  Based upon those considerations, the proposed Amended Complaint (Doc. 35) will be accepted.

The Amended Complaint indicates that Lombardo is seeking relief under the Fourth, Fifth, Eighth, and Fourteenth Amendments. See Doc. 35, p. 1.  Plaintiff also includes various pendent Pennsylvania state law tort claims as well as a claim under the Americans with Disabilities Act (ADA).

Specifically, the Amended Complaint asserts that during January 2010 and January, 2011, Lombardo submitted grievances to Warden Piazza and Major Larson requesting that he be kept separated from Defendant Flynn as well as other non-defendant correctional officers because those officials had allegedly assaulted him in December, 2009.  See id. at ¶¶ 10-12.  Plaintiff alleges that due to the failure of the Warden and Major to take appropriate action, he has been physically and verbally abused by Correctional Officer Flynn.

The Complaint next contends that on November 22, 2011 Flynn and Sergeant Baluta assaulted him in the prison dining hall causing physical injury and emotional trauma.  See id. at ¶¶ 28-30. Following the incident Plaintiff was taken to the prison's Restricted Housing Unit (RHU) where he remained for ten (10) days.

It is next asserted that Defendants Larson and Piazza were deliberately indifferent by allowing Plaintiff to remain in the RHU despite his past mental health issues, suicide attempts,[2] and a December 2, 2011 directive from the state sentencing court.  See id. at ¶ 34.  Lombardo indicates that as a result of that alleged lack of attention he subsequently attempted suicide on December 3, 2011 and it was only then that he was transferred to an observation cell for monitoring.  The Amended Complaint also includes a vague claim that the Defendants engaged in a conspiracy for the purpose of covering up their violations of Plaintiff's constitutional rights..

## Discussion

The pending motion for partial dismissal does not seek dismissal of the Eighth Amendment excessive force claims raised against Defendants Flynn and Baluta or the Eighth Amendment failure to protect claims against Piazza and Larson stemming from the November 22, 2011 alleged incident.[3]  See Doc. 50, p. 7, n. 1. Rather, the motion claims entitlement to entry of partial dismissal on the grounds that: (1) the claims under the Fourth and Fourteenth Amendment must fail; (2) a viable Fifth Amendment claims is not not set forth; (3) Plaintiff's ADA claim cannot proceed; (4) the Amended Complaint does not allege a cognizable conspiracy claim;

---

2.  Plaintiff also indicates that he engaged in a prior suicide attempt on December 31, 2009.

3.  They indicate that the sufficiency of those allegations will be challenged via a summary judgment motion.

and (5) they are entitled to sovereign immunity with respect to Plaintiff's state law claims.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action.  Id. at 556.  A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ____ , 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949.  Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief.  See id. at 1950.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555.  The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action).  Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

Pro se parties are not, however, free to ignore the Federal Rules of Civil Procedure.  As pointed out by the Defendants, Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases, a § 1983 complaint in order to comply with Rule 8, must contain at least a modicum of factual specificity, identifying the particular conduct of each defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has

6

adequate notice to frame an answer.[4]  A civil rights complaint complies with this requirement if it alleges the conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

**Fourth and Fourteenth Amendments**

Plaintiff alleges in part that the alleged instances of excessive force and failure to protect his safety violated his rights under the Fourth and Fourteenth Amendments as well as the Eighth Amendment.  The Fourth Amendment prohibits unreasonable searches and seizures.  Thus, if excessive force is applied during a stop or arrest, the Fourth Amendment is violated.

If Lombardo was a pre-trial detainee during the relevant time period, his claims of excessive force and failure to protect would be considered under the due process clause of the Fourteenth Amendment.  However, in the present case the alleged use of escessive force and failure to protect his safety did not occur during a search or seizure.  Second, there is no contention or indication in the Amended Complaint that Plaintiff was a pre-trial detainee at the time when either the use of excessive force or failure to protect conduct at issue herein occurred.

The Eighth Amendment is the applicable standard for incarcerated persons who are pursuing the type of excessive force

---

4.   The United States Supreme Court in <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 167 (1993), held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." <u>Id</u>.

and failure to protect claims which are presently pending before this Court.  See Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005).

Pursuant to the above discussion, since the Amended Complaint indicates that Plaintiff's claims of failure to protect and being subjected to unnecessary physical force occurred while he was a convicted prisoner, those assertions are properly raised under the Eighth Amendment.  Accordingly, this Court agrees that the Amended Complaint to the extent that it also seeks to pursue those exact same allegations under the Fourth and Fourteenth Amendments is subject to dismissal.

**Fifth Amendment**

Lombardo also indicates that he is pursuing a Fifth Amendment claim which is also presumably based upon the alleged use of excessive force and failure to protect conduct.  See Doc. 35, ¶ 47. It is noted that no federal officials are named as defendants in this matter.

As discussed, the Plaintiff's pending allegations regard events which purportedly transpired while he was confined in a Pennsylvania county correctional facility.  Lombardo's contentions that he was subjected to excessive force and that prison officials failed to protect his safety are properly asserted under the Eighth Amendment.  Consequently, any attempt by Plaintiff to also raise those same allegations under the Fifth Amendment is similarly subject to dismissal.

**ADA**

The Amended Complaint includes a vague assertion that because the Plaintiff has a mental health condition, Defendants' actions constituted a violation of the ADA. Defendants seek dismissal of that claim because an ADA claim cannot be brought against individuals and Lombardo was not excluded from any institutional programs because of his mental health disability. See Doc. 50, p. 17.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.[5] The ADA seeks "to assure even handed treatment and the opportunity for [disabled] individuals to participate in and benefit from programs [receiving financial assistance]. Southeastern Community College v. Davis, 442 U.S. 397 (1979). P.C. v. McLaughlin, 913 F.2d 1033, 1041 (2d Cir. 1990).

The "evenhanded treatment" requirement does not, however, impose an affirmative obligation on public entities to expand existing programs but only that disabled individuals receive the

---

5.   The regulations implementing the ADA define a "qualified individual with a disability" as:
>           "An individual with a disability who, with or without reasonable modifications to rules, policies or practices, . . . meets the essential eligibility requirements for the . . . participation in programs or activities provided by a public entity."

28 C.F.R. § 35.104 (1993).

9

same treatment as those who are not disabled.  It has been
recognized that the provisions of the ADA are applicable to
prisoners confined in state correctional institutions.  <u>See</u>  <u>Pa.</u>
<u>Dept. of Corrections v. Yeskey</u>, 524 U.S. 206 (1998).

Plaintiff describes his disability as one stemming from
mental illness.  There is no argument that Lombardo has failed to
sufficiently demonstrated that he is disabled for purposes of the
ADA.  However, the alleged conduct by Defendants does not set forth
a viable basis for a claim that Plaintiff was subjected to
discrimination on the basis of any disability. <u>See</u> <u>Brown v.</u>
<u>Pennsylvania Department of Corrections</u>, 290 Fed. Appx. 463, 467 (3d
Cir. 2008)(ADA claim requires applicant to show that challenged
action resulted from discriminatory animus based upon alleged
disability).  There is simply no claim that Lombardo was excluded
from participation in, or denied the benefits of any services,
programs, or activities offered at the prison.  An application of
<u>Brown</u> to Plaintiff's general allegations establishes that a viable
ADA claim has not been stated.

**<u>Conspiracy</u>**

The Amended Complaint includes a vague assertion that the
defendants engaged in a conspiracy for the purpose of covering up
their alleged violations of Lombardo's constitutional rights.  <u>See</u>
Doc. 35, ¶¶ 69-73 .  Defendants contend that no portion of the
Amended Complaint sets forth a viable claim of conspiracy.

In order to set forth a cognizable conspiracy claim, a
plaintiff cannot rely on broad or conclusory allegations.  <u>D.R. by</u>
<u>L.R. v. Middle Bucks Area Vocational Technical Sch.</u>, 972 F.2d 1364,

1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The Third Circuit Court of Appeals has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations."  Rose, 871 F.2d at 366.  Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."  Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545.  Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right.  Id.; Rose, 871 F.2d at 366; Young, 926 F.2d at 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982).  Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity.  Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff cannot rely on subjective suspicions and unsupported speculation.  Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Based upon a review of the Amended Complaint, there are simply no averments of fact that reasonably suggest the presence of

an agreement or concerted activity between Defendants to violate Lombardo's civil rights or thereafter cover up their purported improper conduct. Dismissal will be granted in favor of Defendants to the extent that the Amended Complaint is attempting to raise a claim of conspiracy.

**State Tort Claims**

The Amended Complaint includes multiple pendent state law claims.  With respect to those allegations, federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.[6]  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); see also Aldinger v. Howard, 427 U.S. 1, 9 (1976).

Defendants claim entitlement to sovereign immunity under Pennsylvania state law with respect to Lombardo's pendent state law tort claims of negligent supervision and negligence.  Specifically, they argue that as employees of a local governmental unit, they are entitled to immunity under the Pennsylvania Political Subdivision Torts Claim Act (PSTCA).  See Doc. 50, p. 21.  Plaintiff's opposing brief does not address this argument.

The PSTCA does not grant immunity to local employees with respect to intentional torts.  Thompson v. Wynnewood, 2012 WL 4033706 * 10(E.D. Pa. 2012); Cooper v. City of Chester, 810 F. Supp. 618, 625 (E.D. Pa. 1992).  Accordingly, the Plaintiff's

---

6.   A district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3) (1997).

pendent state law intentional tort claims (<u>See</u> Doc. 35, p. 1) may proceed.  Moreover, Defendants' argument with respect to Plaintiff's state law claims of negligence do not fall into one of the exceptions authorized by the PSTCA and therefore are subject to dismissal is not compelling because the Amended Complaint arguably alleges that the negligent acts included acts of malice or wilful misconduct.  <u>See</u> <u>Thompson</u>, <u>supra</u>.

The pendent state law claims will be allowed to proceed at this juncture in the proceeding.  A decision as to whether this Court will accept jurisdiction over the pendent state law claims will be withheld pending a determination as to whether the federal claims will proceed to trial.

**December 29, 2009 Incident**

According to the Amended Complaint, Plaintiff was assaulted by Defendant Flynn on December 29, 2009.  Defendants contend that any attempt by Plaintiff to assert liability against Defendants Piazza and Larson with respect to that incident cannot proceed.

The Amended Complaint contends that Larson and Piazza failed to protect Plaintiff from an alleged November 22, 2011 attack by Flynn.  <u>See</u> Doc. 35, p. 2.  Plaintiff explains that a purported December 29, 2009 attack by Flynn adequately gave notice to Larson and Piazza that Flynn posed a danger to Plaintiff's safety.

Based upon this Court's review of the Plaintiff's Amended Complaint he is not attempting to assert a claim based upon any failure to protect him from the alleged attack of December 29, 2009.  Rather, the Amended Complaint simply asserts that there was

a failure to protect his safety after said incident allegedly occurred.  Further discussion of this argument is not warranted.

**Conclusion**

The Defendants' request for partial dismissal of the Amended Complaint will be granted in part.  The Eighth Amendment claims that: (1) Warden Piazza and Major Larson failed to protect Plaintiff's safety with respect to a November 22, 2011 attack by Flynn and Baluta; and (2) the excessive force claims against Defendants Flynn and Baluta based upon the November 22, 2011 incident will proceed. Also proceeding at this juncture are Plaintiff's pendent state law claims.  An appropriate order will enter.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge


DATED: SEPTEMBER 15, 2014