IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS A. LOMBARDO, | : | Civil No.: 3:11-cv-2220 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| CO. RYAN FLYNN, et al., | : | |
| Defendants | : | |

### MEMORANDUM OPINION

Plaintiff Francis Lombardo ("Lombardo"), an inmate formerly confined at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. The matter is proceeding *via* an amended complaint. (Doc. 35). The surviving allegations are excessive force claims against Correctional Officer Ryan Flynn and Sergeant Daniel Baluta, as well as a failure to protect claim against Warden Joseph Piazza.

Presently pending before the Court is Lombardo's second motion to compel discovery. (Doc. 124). For the reasons set forth below, the motion will granted in part and denied in part.

### I.   Standard of Review

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* FED. R. CIV. P. 37(a). The moving party must demonstrate the relevance of the information sought to a

particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 349 U.S. 495, 501 (1947). The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the

party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(c).

## II. Discussion

On July 14, 2014, the Court granted Lombardo's first motion to compel discovery with respect to his request for videotape footage and answers to interrogatories. (Doc. 87). The Court ordered Defendants to respond within fourteen (14) days of the Order. (*Id.*). Defendants seemingly answered the interrogatories and provided CDs containing video footage. *See* (Doc. 93). In the instant motion to compel, Lombardo asserts that Defendants' responses are incomplete and non-responsive. (Doc. 124). Additionally, Lombardo seeks new video footage and documents that were not previously requested. (Docs. 124, 128). In response, Defendants represent that prior counsel answered the interrogatories and production requests. (Doc. 127). Defendants further represent that CDs were provided to Lombardo containing the video footage from December 25-27, 2009, November 22, 2011, and December 3, 2011. (*Id.* at p. 2). Defendants maintain that they have provided all video footage and documents in their possession that are relevant to Lombardo's requests, and there are no other documents or video footage available. (*Id.* at pp. 2-3).

Upon review, the instant motion to compel will be granted with respect to Lombardo's

requests for videotape footage, his medical reports and photographs from December 30, 2009 and November 22, 2011, prison policies, and incomplete responses to interrogatories. (Doc. 124, §§ I, II, III ¶¶ A-F, K, L). Defendants will be directed to provide appropriate responses to these requests. In the event that the Defendants have not already provided responses to Lombardo's previous production requests and interrogatories, they will be directed to do so. The motion will be denied with respect to Lombardo's requests for the names and addresses of other inmates housed in certain cell blocks. (Doc. 124, § III, ¶¶ G, H, I, J).

## III. Conclusion

Based on the foregoing, Lombardo's second motion to compel (Doc. 124) will be granted in part and denied. An appropriate Order shall issue.

Date: September 20, 2016

Robert D. Mariani
United States District Judge